J-S42003-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RODNEY DERRICKSON, | |
| Appellant | No. 207 EDA 2015 |

Appeal from the PCRA Order December 2, 2014
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0004725-1994

BEFORE:  SHOGAN, MUNDY, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                **FILED AUGUST 12, 2015**

Appellant, Rodney Derrickson, appeals *pro se* from the order denying his serial petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On October 20, 1995, following his conviction for, *inter alia*, second degree murder, the trial court sentenced Appellant to a term of life in prison. On November 13, 1996, this Court affirmed Appellant's judgment of sentence, and on May 15, 1997, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal.  ***Commonwealth v. Derrickson***, 688 A.2d 1226 (Pa. Super. 1996) (unpublished memorandum), *appeal denied*, 695 A.2d 783 (Pa. 1997).

---

[*]  Former Justice specially assigned to the Superior Court.

On January 7, 2013, Appellant filed the instant PCRA petition, which appears from the record to be his seventh. On November 7, 2014, the PCRA court provided Appellant with notice of its intent to dismiss the PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907, and on December 2, 2014, the PCRA court denied Appellant's petition. Appellant filed a timely appeal on December 15, 2014. Both the PCRA court and Appellant have complied with Pa.R.A.P. 1925.

On appeal, the crux of Appellant's argument is that the PCRA court erred in failing to apply the holding from *Miller v. Alabama*, ____ U.S. ____, 132 S.Ct. 2455 (2012), retroactively. Appellant's Brief at 9-25. After review, we conclude that Appellant is entitled to no relief.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. *Commonwealth v. Phillips*, 31 A.3d 317, 319 (Pa. Super. 2011) (citing *Commonwealth v. Berry*, 877 A.2d 479, 482 (Pa. Super. 2005)). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Id*. (citing *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001)).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature and the court may not

ignore it in order to reach the merits of the petition. ***Commonwealth v. Murray***, 753 A.2d 201, 203 (Pa. 2000). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Our review of the record in the case at bar reflects that Appellant's judgment of sentence became final on August 13, 1997, ninety days after the Pennsylvania Supreme Court denied allowance of appeal and the time for seeking a writ of *certiorari* in the United States Supreme Court expired. U.S. Sup. Ct. Rule 13. Thus, in order to be timely, Appellant was required to file his PCRA petition on or before August 13, 1998. Nevertheless, Appellant did not file the instant PCRA petition until January 7, 2013. Accordingly, Appellant's PCRA petition is patently untimely.

However, the PCRA court may receive an untimely petition when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[1] A petitioner invoking one of these

---

[1] The exceptions to the timeliness requirement are:

(i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the

*(Footnote Continued Next Page)*

exceptions must file his petition within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). ***Carr***, 768 A.2d at 1167.

Our review of the record reflects that Appellant attempted to invoke the third exception to the PCRA timeliness requirements, *i.e.*, "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. § 9544(b)(1)(iii). Specifically, Appellant asserted that the United States Supreme Court decision in ***Miller*** provides him relief.

*(Footnote Continued)* ————————

claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)   the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)  the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

PCRA Petition, 1/7/13, at 3. In **Miller**, the United States Supreme Court held that "mandatory life-without-parole sentences for juveniles" violate the Eighth Amendment's prohibition of cruel and unusual punishment. **Miller**, 132 S.Ct. at 2463–2464.

After review of Appellant's argument, we conclude that he is not entitled to PCRA relief. In **Commonwealth v. Cunningham**, 81 A.3d 1 (Pa. 2013), *cert. denied sub nom*. **Cunningham v. Pennsylvania**, ___ U.S. ___, 134 S.Ct. 2724 (2014), our Pennsylvania Supreme Court ruled that **Miller** does not apply retroactively to sentences which became final before June 25, 2012, the date the decision in **Miller** was filed. Because Appellant's judgment of sentence became final well before June 25, 2012, the decision in **Miller** affords him no relief.

Consequently, because Appellant's PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address any claims presented and grant relief. **See Commonwealth v. Fairiror**, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. See **Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/12/2015</u>